UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

LIDYA MARIA RADIN,                              MEMORANDUM
                                                AND ORDER
        Plaintiff,             12-CV-1393 (JG)

       - against -

DOCTOR TUN, DOCTORS AND STAFF
AT RIKER'S ISLAND PRISON MENTAL
HEALTH DEPARTMENT; DAPHNE HERARD;
JESIKA ASARO; ROSE CHAN; MARIANNE CAPONE;
LENA BLAU; BOB ARKOW; HAROLD CHARLES;
MARGARITA GORMUS; MALANIE SPRITZ;
LISA CHOLEFF; BRENDA R. HARRIS;
ALKESH NAVIN PATEL; RAUL CALICDAN;
RUKHASANA RASHEED; ESSAM YOUSEF;
SHAHEENA AHMED; DR. MORALES;
DR. GLICK; DR. GOME; DR. ROBERT LAMPSKE;
PHD BRYAN FALLON; M.D. RAYMOND CLOVIS;
PHYSICIAN ASSISTANT CHARLES;ELMHURST
HOSPITAL, ITS DOCTORS AND STAFF;
PATRICIA GUZOWSKI, LCSW;
DR. MICHELLE KANALY; DR. MICHAEL
MANASHEROV; J. LOWNEY, New York City
Department of Probations Officer; S. SELTZER,
Supervisor; OFFICER RUBINKOWSKI,
Probations Office at Riker's Island; VINCENT N.
SCHIRALDI, Commissioner of Probations;
DANIEL CARROW; ALBERT EINSTEIN COLLEGE
OF MEDICINE OF YESHIVA UNIVERSITY;
M.D. JAMES DAVID (JIMMY); MARTIN BOCKSTEIN;
JOHN DOES 1-100,

        Defendants.
-------------------------------------------------------x

JOHN GLEESON, United States District Judge:

       Plaintiff brings this *pro se* action pursuant to, *inter alia*, 42 U.S.C. § 1983.

Plaintiff has paid the $350 filing fee. For the reasons discussed below, plaintiff is directed to file

an amended complaint within thirty (30) days of the date of this order.

BACKGROUND

Plaintiff's complaint is quite confusing, and it is unclear what her federal cause of action is against each named defendant. Although unclear, plaintiff discusses her psychological evaluations, her admittance to medical school, her incarceration on Rikers Island and her probation. She also mentions federal student loans, fraud, Medicaid fraud, health plan fraud and discrimination. Plaintiff names more than thirty defendants, but plaintiff's complaint is meandering and contains an abundance of extraneous information which makes it impossible to tell what these defendants are alleged to have done wrong. Plaintiff seeks

> orders of protection/restraining orders against all defendants, an order stopping them from referring to her as their patient and voicing bogus 'opinions' about her, damages, access to all records, and an order deleting fraudulent and defaming statements, so that they cannot be cited in the future to hurt Ms. Radin again, and Ms. Radin wants contact information for a prosecutor/attorney at the US Department of Justice in Washington for criminal prosecution.

Compl. at 13.

DISCUSSION

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, plaintiff must provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) ("[Rule 8] demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). Plaintiff must provide facts sufficient to allow each named defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (Rule 8 requires that the plaintiff's pleading "give the defendant fair notice of what the . . . claim is and

2

the grounds upon which it rests" (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957))); *Ricciuti v. New York City Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991) ("[Rule 8] is designed to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery[.]").

## CONCLUSION

Accordingly, the Court cannot allow plaintiff's complaint to go forward as defendants will be unable to meaningfully respond to the instant complaint. In light of this Court's duty to liberally construe *pro se* complaints, plaintiff is given leave of thirty (30) days to file an amended complaint. *Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000). Plaintiff is advised that her amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure, as explained above. Should plaintiff elect to file an amended complaint, she must set forth the specific factual allegations to support her claims against all named defendants.

As plaintiff is aware, if plaintiff cannot identify the individuals by name at this time, she may name "John Doe" defendants and provide a physical description for each, along with his or her place of employment. The amended complaint must be captioned as an "Amended Complaint," name all defendants in the caption, and bear the same docket number as this Order. All further proceedings shall be stayed for thirty (30) days. Although plaintiff has paid the filing fee, the Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

So ordered.

John Gleeson, U.S.D.J.

Dated: April 2, 2012
      Brooklyn, New York